IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| RALLY CONCEPTS, LLC | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5 05 CV · 41 |
| | § | |
| 1. THE SPALDING GROUP, and | § | |
| 2. THE REPUBLICAN NATIONAL | § | |
| COMMITTEE, | § | |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Plaintiff, Rally Concepts, LLC, (hereafter referred to as "Plaintiff"),

for its claims against Defendants and alleges as follows:

### THE PARTIES

1.     Plaintiff, Rally Concepts, LLC, is incorporated in the State of Texas and has a

principal place of business in Wichita Falls, Texas.

2.     The Defendant Spalding Group, Inc. ("Spalding") is incorporated in the State of

Kentucky and has its principal place of business at 2306 Frankfort Avenue, Louisville,

Kentucky.  The Defendant Spalding is engaged in providing campaign materials and related

products through its internet site throughout the country, including the State of Texas and the

Eastern District of Texas.

3.     The Defendant the Republican National Committee ("RNC") has its principal place of

business located at 310 First Street, S.E. Washington, D.C. 20003.  On information and belief,

the Defendant RNC is engaged in conducting national and local election campaigns, including

the distribution of campaign material through both its national, state and county offices, including the State of Texas and the Eastern District of Texas.

4.      Defendant Spalding can be served with process under the Business Corporation Act Art. 8.10(B) and the Long-arm Statute, C.P.R.C. §17.044, by serving the Texas Secretary of State, and Secretary of State serving the Defendant's registered agent, Theodore Jackson, via U.S. Certified Mail, Receipt Requested, at his principal of business at 2306 Frankfort Ave, Louisville, KY 40206.

5.      Defendant RNC can be served with process under the Long-arm Statute, C.P.R.C. §17.044, by serving the Texas Secretary of State, and Secretary of State serving the Defendants Chief Officer, Ed Gillespie, via U.S. Certified Mail, Receipt Requested, at his principal of business at 310 First Street, S.E. Washington, D.C. 20003.

## JURISDICTION AND VENUE

6.      This is an action arising under the copyright laws of the United States and the laws of the State of Texas for copyright infringement.  This action also arises under the laws of the State of Texas and common law for unfair competition, misappropriation of intellectual property, conversion of intellectual property and civil conspiracy.

7.      The court has personal jurisdiction over the Defendants because each Defendant has purposefully availed itself of the benefits of the forum state.  Upon information and belief, the Defendants have each established minimum contacts with the forum state relating to the controversy at issue such that the exercise of jurisdiction over the Defendants comports with due process requirements by having sold and/or offered for sale infringing products in the State of Texas.

8.      The court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367.

Plaintiff Rally Concepts
Original Complaint

9.    Venue properly lies in the Eastern District of Texas, Texarkana Division, pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

10.    Plaintiff develops and markets marketing and campaign materials.  The Plaintiff designed a campaign logo for President Bush incorporating a "W" and an attached American Flag flowing from left to right followed by the number "43", known as the "Rally Symbol." In October 2001, the Plaintiff registered and received a visual arts copyright covering its W43 Rally Symbol. *Ex. 1, Rally Concepts Copyright Registration.*

11.    In November 2001, Plaintiff met with Mr. Jay Banning of the RNC in Austin, Texas to discuss use of the Rally Symbol by the Republican National Committee.  Plaintiff was asked to leave several samples with Mr. Forbes, a vendor at the Austin event, to determine if the Rally Symbol would sell.  Plaintiff was informed by Mr. Banning that if the Rally Symbol proved marketable it would be added to the Republican National Committee website.

12.    The Plaintiff also met with Mr. Jackson of The Spalding Group, at the November 2001 Austin, Texas event, concerning use of the Plaintiff's Rally Symbol by The Spalding Group. Mr. Jackson informed the Plaintiff that The Spalding Group was not interested in use of the Rally Symbol.

13.    In 2003, Plaintiff met with Mr. Ed Gillespie, chairman of the RNC, and Mr. Joe Jaso in Washington, D.C.  During the meeting both Messrs. Gillespie and Jaso expressed interest in Plaintiff's Rally Symbol and expressed a great interest in using Plaintiff's Rally Symbol for the 2004 presidential election.  The meeting concluded with Mr. Gillespie informing Plaintiff that he would like to use Plaintiff design, but the RNC needed to receive clearance from the RNC legal department before proceeding with the project.

Plaintiff Rally Concepts
Original Complaint

14.     Approximately two weeks after the meeting, Mr. Gillespie sent a letter to the Plaintiff informing the Plaintiff that the RNC would be unable to purchase any goods, services or rights to the Rally Symbol materials because of alleged existing contractual obligations the RNC with other marketing firms.

15.     Plaintiff contacted the RNC in 2004 concerning the use of the copyrighted work (or any derivative work therefrom) and Mr. Lauren Brown Sigler indicated to the Plaintiff that the copyrighted work had not been used, produced or sold in any form or manner by the RNC or its representatives.

16.     Plaintiff subsequently received a mailing on RNC letterhead that incorporated an infringing derivative design in the form of the W04 logo with a flag extending left to right from the "W." *Ex. 2. The Spalding Group W04 Logo.*  This W04 Logo was distributed and sold to the public through the RNC website and through The Spalding Group website, which could be accessed from the RNC website.

## COUNT I – COPYRIGHT INFRINGEMENT

17.     Plaintiff repeats the allegations of paragraphs 1-16 as if fully set forth herein.

18.     U.S. Copyright VAu 530-991, entitled "U.S. Rally Symbol," issued on October 9, 2001.  A copy of the VAu 530-991 copyright registration is attached as Exhibit "1" to this Complaint.

19.     Plaintiff is the owner of the entire right, title, and interest in and to the VAu 530-991 copyright.

20.     For financial gain, the Defendants infringed, induced others to infringe, and/or contributed to the infringement of the VAu 530-991 copyright by making, using, selling,

Plaintiff Rally Concepts
Original Complaint

and/or offering for sell, in this judicial district and elsewhere, an unauthorized work or a derivative work using the registered materials in Registration No. VAu 530-991.

21.    Defendants' acts of infringement of the VAu 530-991 copyright registration caused injury to Plaintiff for which Plaintiff is entitled to relief under 17 U.S.C. §101 *et. seq.*

22.    Defendants infringement of the VAu 530-991 copyright was willful and deliberate and flagrant disregard of Plaintiff's rights under the VAu 530-991 copyright.

## COUNT II –MISAPPROPRIATION

23.    Plaintiff incorporates the allegations of paragraphs 1-22 as if fully set forth in this paragraph.

24.    The Defendants marketed and sold, and continue to market and sell infringing works and derivative works of Plaintiff's Rally Symbol presented to the Defendants.  Defendants cannot legally market and sell derivative works and have misappropriated Plaintiff's rights and property in bad faith through the unauthorized marketing and sales of unauthorized works and derivative works.

25.    Defendants Spalding and/or RNC directly designed, marketed, offered for sale and sold unauthorized works and derivative works, and these unauthorized works and derivative works constituted misappropriation of the Plaintiff's intellectual property rights.

26.    One or more of the Defendants continue to willfully, or have willfully, marketed products that misappropriate Plaintiff's protected intellectual property interests, and the Plaintiff is owed damages as a result of the Defendants' acts of misappropriation of intellectual property under Texas State law.

## COUNT III – STATE LAW CLAIM FOR UNFAIR COMPETITION

27.    Plaintiff incorporates the allegations of paragraphs 1-26 as if fully set forth in this paragraph.

28.    Defendants marketed and sold, and continue to market and sell, unauthorized works and derivative works using the Plaintiff's intellectual property.  The Defendants gained an unfair advantage in the market by capitalizing upon Plaintiff's efforts and success in both marketing, by selling unauthorized works and derivative works, and improperly using the Plaintiff's research and development work associated with the Rally Symbol, which are acts that constitute unfair competition under Texas State law.

29.    The Defendants' acts were willful and in bad faith.  The Defendants have continued to market unauthorized works and derivative works that took the Plaintiff's protected interest in the Rally Symbol, and the Defendants will continue to do so gaining an unfair advantage in the market by these acts of unfair competition.

## COUNT IV – CIVIL CONSPIRACY

30.    Plaintiff incorporates the allegations of paragraphs 1-29 as if fully set forth in this paragraph.

31.    Defendant Spalding conspired with Defendant RNC in an action that resulted in financial damages to Plaintiff.  Spalding sought to accomplish an unlawful objective by unlawful means to maliciously cause damage to Plaintiff.  That is, Spalding conspired with the RNC to produce an unauthorized work or derivative work and to distribute that unauthorized work or derivative work without acquiring the proper clearance of rights from the Plaintiff, thereby harming Plaintiff's business operations.

32.    The Plaintiff is entitled to damages as a result of those acts of civil conspiracy.

Plaintiff Rally Concepts
Original Complaint

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.    Adjudge that the Defendants' acts constitute copyright infringement and that the Defendants acted willfully in infringing Plaintiff's copyrighted work;

2.    Adjudge that the Defendants' acts constitute unfair competition under the laws of the State of Texas;

3.    Adjudge that the Defendants' acts constitute misappropriation of intellectual property under the laws of the State of Texas;

4.    Adjudge that the Defendants' acts constitute conversion of intellectual property and unjust enrichment under federal copyright law, common law, and the laws of the State of Texas;

5.    Adjudge that Defendants' acts constitute a civil conspiracy under the law of the State of Texas and common law;

6.    Award Plaintiff all appropriate damages, including exemplary damages for willful and deliberate acts of infringement, violation of the common law, fraud, and such other and further relief that the Court deems just and proper; and,

7.    Award Plaintiff the costs, expenses, and reasonable attorney's fee incurred under 17 U.S.C. §505 in bringing and prosecuting this action.

Respectfully submitted,

Dated:  March 10, 2005

Carl Roth w/permission Kurt Truelove

Carl Roth – Attorney In Charge
TX Bar No. 17312000
Michael Smith
TX Bar No. 18650410
Brendan C. Roth
TX Bar No. 24040132
THE ROTH LAW FIRM
115 N. Wellington, Ste. 200
Marshall, TX  75670
Telephone:  (903) 935-1665
Facsimile:  (903) 935-1797
Email:  cr@rothfirm.com
Email:  ms@rothfirm.com

William Altman
TX Bar No. 01122000
Altman & Nix
2525 Kell Blvd., Suite 500
Wichita Falls, TX 76308
Telephone:  (940) 761-4000
Facsimile:  (940) 766-3327
Email:  wkaltman@altmannix.com

D. Scott Hemingway
TX Bar No. 09407880
Malcolm Pipes
TX Bar No. 24026061
Charles D. Herrick
TX Bar No. 24028628
Hemingway, LLP
8117 Preston Road, Suite 460
Dallas, Texas  75225
Phone:  (214) 292-8301
Facsimile:  (214) 292-8999
Email:  d.hemingway@gte.net

Justin Kurt Truelove
TX Bar No.  24013653
Kelly B. Tidwell
TX Bar No.  20020580

Plaintiff Rally Concepts
Original Complaint

Patton, Tidwell & Schroeder
4605 Texas Blvd.
P.O. Box 5398
Texarkana, TX  75505-5398
Telephone:  (903) 792-7080
Fax: (903) 792-8233
Email: ktruelove@texarkanalaw.com
Email: kbt@texarkanalaw.com

**ATTORNEYS FOR PLAINTIFF RALLY
CONCEPTS**