**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **RALLY CONCEPTS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **5:05-CV-41-DF** |
| | § | |
| **THE REPUBLICAN NATIONAL** | § | |
| **COMMITTEE, et al.**. | § | |
| | § | |
| **Defendants.** | § | |

## <u>ORDER</u>

Before the Court are The Spalding Group's ("Spalding's") and The Republican National Committee's ("RNC's") (collectively, the "Defendants'") Motions for Summary Judgment.  Dkt. Nos. 18 & 75.  Also before the Court is Rally Concept's ("Plaintiff's") Response to Spalding's Motion for Summary Judgment, Spalding's Reply, Spalding's Supplemental Motion for Summary Judgment, and Rally's Response to Spalding's Supplemental Motion for Summary Judgment.  Dkt. Nos. 21, 22, 40 & 41, respectively.  Having considered the motions, all other relevant briefing, and the applicable law, the Court finds that Spalding's Motion for Summary Judgment, Spalding's Supplemental Motion for Summary Judgment, and RNC's Motion for Summary Judgment should be **GRANTED IN PART** as to Plaintiff's misappropriation claim. These motions are otherwise **DENIED**.

In a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *see also*

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).  An issue is "material" where it

involves a fact that might affect the outcome of the suit under the governing law of the

underlying cause of action.  *See Burgos v. Southwestern Bell Tel. Co.,* 20 F.3d 633, 635 (5th Cir.

1994) (citing *Anderson,* 477 U.S. at 248).  The nonmovant is not required to respond to a motion

for summary judgment until the movant first meets its burden of demonstrating that there are no

factual issues warranting trial.  *Ashe v. Corley,* 992 F.2d 540 (5th Cir.1993).  Once the movant

has shown the absence of material fact issues, however, the opposing party has a duty to respond,

via affidavits or other means, asserting specific facts showing that there is a genuine issue for

trial.  Fed. R. Civ. P. 56(e).

## I. Copyright Infringement

"A copyright infringement claim requires proof of (1) ownership of a valid copyright and

(2) actionable copying, which is the copying of constituent elements of the work that are

copyrightable."  *Bridgmon v. Array Sys.Corp.*, 325 F.3d 572, 576 (5th Cir. 2003).

"Two separate inquiries must be made to determine whether actionable copying has

occurred.  The first question is whether the alleged infringer copied, or actually used the

copyrighted material in his own work. . . . Circumstantial evidence may support an inference of

copying if the defendant had access to the copyrighted work and there is probative similarity

between the copyrighted work and the allegedly infringing work."  *Id.* (internal citations and

quotation marks omitted).  "[T]he defendant can rebut that inference, and thus escape liability for

infringement, if he can prove that he independently created the work."  *Positive Black Talk Inc. v.

Cash Money Records, Inc.*, 394 F.3d 357, 368 (5th Cir. 2004).

"The second question is whether substantial similarity exists between the copyrighted

work and the allegedly infringing work.  To answer this question, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as substantially similar."  *Bridgmon*, 325 F.3d at 576-577 (internal citations and quotation marks omitted).

## A.  Valid Copyright

Plaintiff holds a registered copyright in its U.S. Rally Symbol.  Dkt. No. 21 at 2.  This is prima facie evidence of validity.  *See* 17 U.S.C. § 410(c).  Defendants argue that Plaintiff's work consists of unprotected elements, i.e. "*scenes a faire*."  Dkt. No.18 at 7.  However, even if the elements were unprotected, a combination or arrangement is protected, and "the requisite level of creativity is extremely low; even a slight amount will suffice."  *Feist Pubs. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348 (1991).  The Court finds that the layout and combination of elements of Plaintiff's U.S. Rally Symbol demonstrates this requisite "slight amount" of creativity.  *Id.*  Thus, Plaintiff has met its burden of showing ownership of a valid copyright.

## B.  Access and Probative Similarity

The works at issue here are Plaintiff's U.S. Rally Symbol and Defendants' W'04 Logo.

"[P]robative similarity requires only that certain parts of the two works are similar, such that the jury may infer factual copying in light of the defendant's access to the plaintiff's work."  *Positive Black Talk Inc.*, 394 F.3d at 369.

Plaintiff avers it sent samples of the U.S. Rally Symbol to Defendant Spalding.  Dkt. No. 21 at 3.  Further, Plaintiff avers it "showed the U.S. Rally Symbol to several representatives of the RNC, and even gave samples of [its] visual artwork to one of the RNC's vendors as requested."  Dkt. No. 87 at 13.  Plaintiff has thus met its burden of producing evidence to create a

genuine issue of material fact whether Defendants had access to the U.S. Rally Symbol.

Defendants argue that any similarities between the U.S. Rally Symbol and the W'04 logo are not probative because Defendant Spalding and the Bush-Cheney 2000 campaign had been using, since 1999, logos with a "W," a period, a stylized flag, and a font similar to those used in Plaintiff's U.S. Rally Symbol.  Dkt. No. 40 at 3.  Defendants thus seek to rebut any inference of copying with proof that Defendant Spalding "independently created the work."  *Positive Black Talk, Inc.*, 394 F.3d at 368.

Plaintiff counters that the evidence submitted in support of Defendants' independent creation argument is inadmissible for lack of authentication and on hearsay grounds.  Dkt. No. 41 at 8-10.  Defendant cites the Affidavit of Ted Jackson (Dkt. No. 18, Exh. 1) in support of its evidence.  Dkt. No. 40 at 5.  Referenced in and attached to the affidavit is a photocopy of the 1999 "George W. Bush for President" logo (the "1999 Logo"), as well as other logos using a "W," a period, a stylized flag, and a block-style font similar to those used in the W'04 logo.  Dkt. No. 18, Exh. 1 at 5-10.  Exhibits to Defendants' supplemental motion contain a color version of the 1999 logo, among others.  Dkt. No. 40, Exh. B.  Because a photocopy supported by an affidavit is valid summary judgment evidence, the court will consider Defendants' evidence of independent creation.  *C.f. Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995) ("A photocopy of a [promissory] note, attached to a sworn affidavit declaring that the photocopy is a true and correct copy of the original, is considered valid summary judgment evidence in Texas.")

Defendants' evidence of independent creation is not without merit.  For example, the 1999 Logo uses a stylized flag similar to that used in the W'04 Logo.  *See* Dkt. No. 40, Exh. B.

Also, the 1999 Logo uses a "W," as does the W'04 Logo.  While the 1999 Logo uses a different font for the "W" than the W'04 logo, the font used for the word "BUSH" in the 1999 Logo appears similar to the font used for "W" in the W'04 Logo.  Nonetheless, factual issues surrounding independent creation should generally be left to the jury.  *See, e.g., Peel & Co., Inc. v. Rug Market*, 238 F.3d 391, 398 (5th Cir. 2001).  Because whether Defendants independently created the W'04 logo is such an issue of fact, Defendants are not entitled to summary judgment on grounds of independent creation.

Since there remain genuine issues of material fact whether Defendants had access to the U.S. Rally Symbol and whether the W'04 Logo bears probative similarity to the U.S. Rally Symbol, summary judgment is **DENIED** as to whether Defendants copied Plaintiff's work.

**D.  Substantial Similarity**

"Typically, the question whether two works are substantially similar should be left to the ultimate factfinder."  *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 142 (5th Cir. 2004). "[S]ummary judgment may be appropriate if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarity of ideas and expression."  *Id.* (citation omitted).

Defendants argue that "[t]he works at issue here are not substantially similar."  Dkt. No. 18 at 6.  Defendants point out the differences in font, the use of a period, and the image of the flag.  *Id.*  Plaintiff counters that there are "substantial side-by-side similarities between the two designs."  Dkt. No. 21 at 16.  Plaintiff's expert identifies fourteen "points of similarity."  Dkt. No. 41 at 6.  In light of these similarities, the issue of substantial similarity "should be left to the ultimate factfinder" because a "reasonable juror could find substantial similarity of ideas and

expression." *General Universal Systems*, 379 F.3d at 142.

Because there exist genuine issues of material fact whether the W'04 logo infringes Plaintiff's copyright, Defendants' motions are **DENIED** on this issue.

## II.  Preemption

Plaintiff asserts state law claims for misappropriation, unfair competition, and civil conspiracy against both Defendants.  Dkt. No. 5 at ¶¶ 23-32.  Defendants argue these claims are preempted by 17 U.S.C. § 301 (the "Copyright Act").  Dkt Nos. 18 at 9-10 & 22 at 8-10.[1]

The Fifth Circuit has held that "both prongs of a two-factor test must be satisfied for preemption to occur.  First, the claim is examined to determine whether it falls within the subject matter of copyright as defined by 17 U.S.C. § 102.  And second, the cause of action is examined to determine if it protects rights that are 'equivalent' to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106." *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003) (internal citations and quotation marks omitted).  "The test for evaluating the equivalency of rights is commonly referred to as the 'extra element' test.  This test requires that if one or more qualitatively different elements are required to constitute the state-created cause of action being asserted, then the right granted under state law does not lie within the general scope of copyright, and preemption does not occur." *Id.* (internal citations and quotation marks omitted).

## A.  Misappropriation

The Copyright Act "only preempts rights equivalent to the exclusive rights within the general scope of the copyright law." *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501

---

[1]  Defendant RNC incorporates Defendant Spalding's preemption arguments in Defendant RNC's Motion for Summary Judgment.  Dkt. No. 75 at 2 n.1.

(5th Cir. 1990).  "A right is equivalent if the mere act of reproduction, distribution, or display infringes it."  *Id.*

A misappropriation claim is preempted where "elements in plaintiff's state law action involve elements that would not establish qualitatively different conduct by the defendants than the elements for an action under the Copyright Act."  *Daboub v. Gibbons*, 42 F.3d 285, 290 (5th Cir. 1995) (finding misappropriation claim preempted by Copyright Act where plaintiff alleged no misappropriation conduct separate from the alleged copyright infringement).

Plaintiff argues its state law misappropriation claim is not preempted because it must prove its "sweat of the brow" to sustain that claim.  Dkt. No. 21 at 25.  Plaintiff correctly notes that it need not prove this sweat of the brow to sustain its copyright claim.  *Id.*  However, the right that Plaintiff seeks to vindicate with the misappropriation claim is equivalent to the rights created by the Copyright Act.  Equivalency exists because Defendants' alleged conduct of copying and distributing Plaintiff's work is the factual basis for both claims.  *See Taquino*, 893 F.2d at 1501.  Plaintiff alleges no other relevant conduct to support a finding of "qualitatively different conduct" by Defendants.  *See* Dkt. No. 5 at ¶¶ 23-26; *Daboub*, 42 F.3d at 290.

This is not a case where Plaintiff seeks state law protection of a right distinct from the right against copyright infringement.  *See Brown v. Ames*, 201 F.3d 654 (5th Cir. 2000) (distinguishing *Daboub* and finding no preemption where plaintiffs claimed misappropriation of "persona," which "does not fall within the subject matter of copyright").  Instead, the present case, which involves the alleged misappropriation of a visual work, is analogous to *Daboub*, where the plaintiff alleged misappropriation of a song.  42 F.3d at 287.  As in *Daboub*, Plaintiff has asserted violations of the Copyright Act within a state law claim.  *Daboub*, 42 F.3d at 290.

-7-

The Fifth Circuit in *Daboub* noted, "if the language of the act could be so easily circumvented, the preemption provision [of the Copyright Act] would be useless, and the policies behind a uniform Copyright statute would be silenced." *Id.*  Because Defendants' alleged copying and distribution is within the "general scope of copyright" and because Plaintiff alleges no other misappropriation conduct, Plaintiff's misappropriation claim is preempted.  17 U.S.C. § 301.

Summary judgment is therefore **GRANTED** as to Plaintiff's misappropriation claim.

## B.  Unfair Competition

To prevail on its claim for unfair competition, Plaintiff must show that Defendants "interfered with the plaintiff's ability to conduct its business." *Taylor Publ'g Co. V. Jostens, Inc.*, 216 F.3d 465, 486 (5th Cir. 2000).  The underlying act must "at least be an independent tort." *Id.* Here, Plaintiff has alleged a conspiracy between Defendants Spalding and RNC as the underlying tort.  Dkt. No. 5 ¶ 31.   This alleged conspiracy is an "extra element" because it need not be shown to establish a prima facie case of copyright infringement. *Carson v. Dynegy, Inc.*, 344 F.3d at 456.  This right to not be conspired against is qualitatively different from copyright and thus is not a "right[] equivalent to the exclusive rights within the general scope of the copyright law." *Taquino*, 893 F.2d at 1501.  Therefore, Plaintiff's unfair competition claim is not preempted.  Summary judgment is **DENIED** on this issue.

## C.  Civil Conspiracy

To prevail on its conspiracy claim, Plaintiff must show, among other elements, a meeting of the minds between two or more persons. *Apani Southwest, Inc. v. Coca-Cola Enters.*, 300 F.3d 620, 635 (5th Cir. 2002).  This element is qualitatively different from the elements of Plaintiff's copyright claim, which does not require such a showing.  Because Plaintiff's

conspiracy claim satisfies the "extra element" test, this claim is not preempted by the Copyright Act.  *Carson*, 344 F.3d at 456.  Summary judgment is **DENIED** on this issue.

### III.  Conclusion

For all the above reasons, Spalding's Motion for Summary Judgment, Spalding's Supplemental Motion for Summary Judgment, and RNC's Motion for Summary Judgment are hereby **GRANTED IN PART** as to Plaintiff's misappropriation claim.  These motions are otherwise **DENIED**.

**SIGNED this 28th day of August, 2006.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE